MONTIEL, Judge,
concurring in part, dissenting in part.
I concur with the majority’s holding in Parts I and III of the opinion. However, I must dissent from the majority’s holding in Part II of the opinion.
“As a general rule, the legislature may delegate to its own appointed administrative agencies the authority to make such minor rules and regulations as are necessary or appropriate for administration or enforcement of its general statutes.”
Evers v. Board of Medical Examiners, 516 So.2d 650, 655 (Ala.Civ.App.1987) (emphasis added). The offense of failure to wear hunter orange, which is a violation of Rule 220-2-.85 of the Conservation Department, constitutes a misdemeanor. The designation of conduct as a criminal offense is not a minor rule or regulation. “[T]he law making power, invested exclusively in the Legislature, cannot be delegated to any other department of the government, or to any other agency, either public or private.... Official action cannot be made a rule or regulation merely by calling it a rule or regulation.” State v. Vaughan, 30 Ala.App. 201, 203, 4 So.2d 5 (1941) (holding that a rule made by the conservation department was unconstitutional because the rule accomplished results which could only be enacted by the Legislature).
*29 The designation of conduct as a criminal offense can only be done by the Legislature.
I believe that Rule 220-2-.85 is an unconstitutional usurpation of the power of the legislature. Therefore, I must dissent.